## FOSTER *v.* ROCHE *et al.*

*(Supreme Court, General Term, First Department. January 28, 1889.)*

**1. PARTITION—DECREE—DISPOSAL OF FUND.**

The interlocutory judgment in partition directed the referee to pay two mortgage-foreclosure judgments held by one of the defendants. Before final judgment in the partition suit, one of the mortgage judgments was reversed on appeal, on the ground that the mortgage was void. The final judgment in partition recited the fact of reversal, and directed that, instead of paying the amount of the judgments reversed, the referee should deposit the amount thereof in bank, "subject to all and every right, claim, or lien, legal or equitable, heretofore adjudged, or hereafter to be established," in favor of the mortgagee against the mortgaged premises. *Held,* that the directions for the deposit could not be upheld, the only issue being as to defendant's right under the mortgage, and that having been declared void.

**2. SAME—PLEADING—AMENDMENT—LIENS.**

Though defendant did not allege in its answer or prove on the trial facts which would entitle it to an equitable lien arising out of the transactions which resulted in the void mortgage, it may, on the new trial, amend its answer, and give proof of such facts.

Appeal from special term, New York county.

Partition suit brought by Margaret Foster against Theodore M. Roche, trustee, and the United States Trust Company of New York. Defendant Roche appeals from certain portions of the final judgment, which appeal brings up for review the interlocutory judgment. The trust company also appeals from the final judgment.

Argued before BRADY, P. J., and BARTLETT, J.

*Jas. Clinton Bolton,* for appellant Roche. *Edward W. Sheldon,* for appellant the United States Trust Company.

BARTLETT, J. In consequence of the reversal of a judgment in another case, subsequent to the trial of this action, it is necessary that the interlocutory judgment and final judgment herein should be reversed in part. The United States Trust Company by its answer claimed a lien upon the property sought to be partitioned, by virtue of two mortgages, and the judgments foreclosing the same. The trial court sustained this claim, and found as a conclusion of law that the premises should be sold, and that out of the proceeds of sale, after the payment of taxes, the said judgments of foreclosure should be paid. The interlocutory judgment contained a direction to the referee to pay the mortgage foreclosure judgments accordingly. Subsequently, and before the entry of the final judgment herein, one of the mortgage foreclosure judgments was reversed by the general term on the ground that the mortgage on which it was based was void. *Trust Co.* v. *Roche,* 41 Hun, 549.

This mortgage was made by one Charles H. Town, as trustee. Thereafter, when the final judgment in the present case came to be entered, a clause was inserted therein reciting that it appeared to the satisfaction of the court that the aforesaid mortgage foreclosure judgment had been reversed since the interlocutory judgment of partition herein, and adjudging "that in place and stead of the immediate payment of the amount due upon said judgment of foreclosure and sale, said referee deposit with the Farmers' Loan & Trust Company the sum of $20,000 to the credit of this action, subject to all and every right, claim, or lien, legal or equitable, heretofore adjudged, or hereafter to be established, of the United States Trust Company against the premises described in the mortgage, the subject of the foreclosure action."

Both appellants object to this provision, but for different reasons. The appellant Roche insists that the property partitioned should not be subjected to any claim on account of the moneys represented by the mortgage which was pronounced void in the case of *Trust Co.* v. *Roche, supra;* also that the direction for the deposit of the $20,000 was unauthorized by the findings, and hence the court had no power to insert it in the judgment. The United States Trust Company, on the other hand, contends that it established the existence of an equitable lien in its favor to the amount of $20,000 independently of the mortgage, and hence that the court below, instead of ordering the $20,000 to be deposited, should have directed its immediate application to the payment of the trust company's claim. While it may very well be that facts could be shown entitling the trust company to such a lien, they were not alleged in its answer, or proved upon the trial. The company, in its pleading and proof, relied solely upon the mortgage, and the judgment foreclosing the same, which judgment has since been reversed. The trial court, therefore, could not properly have gone so far as to make any decree based upon the assumption that the trust company had established the existence of an independent equitable lien. We see no reason, however, why the answer may not be amended so as to permit proof of the facts creating a lien of this character to be given upon the new trial which must be ordered, thus enabling the trust company to have its claim passed upon in the present suit. As the case stood, the direction for the deposit of the $20,000 not only afforded the trust company no just ground for complaint, but was too favorable to it. There was nothing litigated between the parties, or found by the trial court, upon which to predicate this provision in the final judgment, and it cannot be sustained against the objections which have been made. But even if the final judgment contained the same provisions as to the town mortgage as appear in the findings and the interlocutory judgment, it would still be impossible to uphold it, inasmuch as it would then treat as valid a mortgage lien which has now been decided to be void. Both judgments must therefore be reversed, so far as to permit a new trial of the claim of the United States Trust Company to a lien growing out of the transactions which resulted in the town mortgage. There is no occasion to interfere with any other portions of the judgments save those which relate to this matter. If the new trial in reference thereto is conducted in accordance with the suggestions which have been made, it ought finally to settle the controversy in the present action. The reversal, however, should be without costs to either appellant, for each has acted too much on this appeal. The United States Trust Company has sought to sustain an invalid mortgage, and the appellant Roche has appealed not merely from the direction for the deposit of the $20,000, but also from certain other provisions of the final judgment which are based upon findings that the court was requested to make by this appellant himself. He cannot, therefore, be heard to complain of them. Judgments reversed in part, and new trial ordered, without costs of this appeal.

BRADY, P. J., concurs.